**FELCOR/LAX HOLDINGS L P, a Delaware limited partnership, Defendant–Appellee,**

and

**Minnesota Hotel Company Inc., a Texas corporation; Robert Wooley, an individual, Defendants.**

No. 99–56963.

D.C. No. CV 97–05736–HLH(CMW).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 2001.

Decided May 22, 2001.

HUNTINGTON BANKS OF MICHIGAN, a state banking organization, as Trustee of the Grace Henson Trust and as Trustee of the James Henson Trust; Philip M. Corkill; Robert C.J. Heimerl, an individual as Trustee of Heimerl Family Trust; Ronald Henson; Robert D. Kerslake; Douglas Martin, an individual; Karol K. Morrison, an individual; David W. Schein, an individual; Timothy J. Smith, an indivudual, Plaintiffs–Appellants,

Before MAGILL *, McKEOWN and FISHER, Circuit Judges.

### MEMORANDUM **

■ The materiality of alleged omissions and misrepresentations in a Disclosure Statement are "measured by an objective standard drawn from the definition of 'adequate information' at § 1125(a) that asks what the 'hypothetical reasonable investor typical of holders of claims or interests of the relevant class' would want to know in order to make an informed judgment about the plan." *Official Comm. of Unsecured Creditors v. Michelson (In re Michelson)*, 141 B.R. 715, 725 (Bankr. E.D.Cal.1992) (quoting 11 U.S.C. § 1125(a)). Under this standard, Appellants are correct that knowledge of the founder and general partner's intent to cash out immediately following confirmation of the Plan might reasonably have

influenced their decision whether to approve the Plan. The possibility that the general partner might assign its interests at some point in the indeterminate future is distinctly different from the certainty that such a transfer is about to occur.

■ The capital call presents a closer question. Appellants were undoubtedly on notice that a capital call could—and very likely would—be expected of them. Because a court might well have determined that the anticipated magnitude of that call was a material factor, however, the allegation relating to the call is sufficient to survive a motion to dismiss under Fed. R.Civ.P. 12(c).

■ Even though the Complaint states a claim for fraud, Appellants' action is blocked by statutory obstacles. Section 1144's six-month time limit to file actions seeking revocation of a Plan is absolute, and no motion for revocation may be filed once the period has expired, regardless of the circumstances. *Farley v. Coffee Cupboard, Inc. (In re Coffee Cupboard, Inc.)*, 119 B.R. 14, 19 (E.D.N.Y.1990). In determining whether § 1144 bars an action, "courts look carefully at the cause of action and requested relief to determine if plaintiff is seeking to revoke confirmation or 'redivide the pie.'" *S.N. Phelps & Co. v. Circle K Corp. (In re Circle K Corp.)*, 181 B.R. 457, 462 (Bankr.D.Ariz.1995). To the extent Appellants seek rescission of the LAX–Tex Agreement, their claim is an attempt to revoke the confirmation of the Plan, and is therefore barred.

■ Rule 60 prevents Appellants from bringing the remainder of their claim. Because the bankruptcy court found that the Disclosure Statement was acceptable, any

---

\* The Honorable Frank J. Magill, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

action challenging it must meet the requirements for relief from a judgment or order contained in Fed.R.Civ.P. 60(b). Appellants would therefore only be entitled to pursue their claim if it were an "independent action," as that term is used in Rule 60. Under *United States v. Beggerly*, 524 U.S. 38, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998), however, independent actions are "available only to prevent a grave miscarriage of justice." *Id.* at 47, 118 S.Ct. 1862. Appellants' fraud allegations do not meet that standard. Because Rule 60 provides Appellants no grounds to surmount the bankruptcy court's earlier rulings, their action is barred.

AFFIRMED.

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.